# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL F. KENT<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES,<br><br>　　　　　　　　Defendants. | CASE NO. 08cv1061 DMS (WMC)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, (2) DISMISSING PLAINTIFF'S CLAIM**<br><br>**[Docket No. 2]** |

     Plaintiff, a nonprisoner proceeding pro se, has submitted a complaint pursuant to Supplemental Admiralty Rules C(3)(a)(ii) for arrest warrant, and C(5) for unlawful removal and/or destruction of parts of the vessel "Neptune's Palace."  Plaintiff has not paid the $350 civil filing fee required to commence this action, but rather, has filed a Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a).

**Motion to Proceed *In Forma Pauperis***

     Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his assets, showing that he is unable to pay filing fees. *See* 28 U.S.C. § 1915(a).  Plaintiff has submitted an affidavit which sufficiently shows that he lacks the financial resources to pay filing fees.  Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis*.

**Sua Sponte Screening pursuant to 28 U.S.C. § 1915(a).**

Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court, if it finds the Complaint is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). The Court, having conducted its initial review of Plaintiff's Complaint, finds it insufficient to survive the screening provisions of § 1915(e)(2) because it fails to state a claim upon which relief may be granted.

Plaintiff seeks an arrest warrant for the vessel "Neptune's Palace" pursuant to USCS Admiralty and Maritime Claims Rule C(3)(a), which requires the court to issue an arrest warrant for the vessel when "conditions for an in rem action appear to exist." An in rem action may be brought "(1) [t]o enforce any maritime lien; or (2) [w]henever a statute of the United States provides for a maritime action in rem or a proceeding analogous thereto." Plaintiff appears to claim that he has a "right to claim salvage rights against all other claimants" because the vessel was abandoned in public waters, which Plaintiff alleges gives ownership rights to "finders." However, Plaintiff has not claimed that he found the vessel, and instead acknowledges that the "S.D.U.P.D. presently claims title to the vessel by state law." Moreover, Plaintiff has alleged no other facts indicating an in rem action is appropriate. Accordingly, Plaintiff's claim is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: June 24, 2008

_____
HON. DANA M. SABRAW
United States District Judge